**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| DAVID A. NIXON | ) | CASE NO. 5:18 CV 1429 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| HANK T. GIBSON, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff David A. Nixon filed this action against the Portage County Adult Probation Department and Chief Probation Officer Hank T. Gibson. In the Complaint, Plaintiff claims he was arrested on two capias warrants for failing to appear for two probation revocation hearings. He contends he should not have had to appear in court for a probation violation and therefore should not have been arrested for failing to appear because his probation was stayed by the court at the time the alleged violation occurred. He claims the Defendants violated his Fifth, Eighth and Fourteenth Amendment rights. He seeks $ 25,000.00 in damages.

**I.      Background**

Plaintiff's Complaint is very brief. He alleges he is on probation and Gibson is his probation officer. He contends he was arrested in March 2018 on two warrants for failure to appear at probation revocation hearings. Plaintiff alleges he should not have had to appear in court to defend probation violation charges because his probation had been stayed at the time the warrants were

issued. He indicates he was incarcerated for sixty days before he received a court hearing. He contends that at that hearing, the judge reinstated his probation and released him. He claims he was denied due process and subjected to cruel and unusual punishment.

**II.     Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most

favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**III.     Analysis**

Plaintiff claims he was denied due process and subjected to cruel and unusual punishment. It is not clear which actions violated his constitutional rights. To the extent he is claiming the probation violation charge itself violated his rights, his claim is without merit. There is no constitutional guarantee that only the guilty will be arrested or charged. *Baker v. McCollan*, 443 U.S. 137, 145 (1979). Instead, due process is satisfied when the accused is given notice of the charges and an opportunity to be heard. *Garcia v. Fed. Nat. Mortg. Ass'n*, 782 F.3d 736, 741 (6th Cir. 2015). Plaintiff was given notice and two opportunities to be heard; however, he did not appear in court for those probation revocation hearings. If, indeed, Plaintiff had a valid argument that he could not violate probation because it was stayed, those probation revocation hearings provided him with the opportunity to present those defenses. He cannot claim he was denied due process or subjected to cruel and unusual punishment when he did not appear for the hearings provided to him.

To the extent Plaintiff is claiming he was denied due process and subjected to cruel and usual punishment because he was arrested on the capias warrants and held in jail for six months pending another revocation hearing, his claim is still without merit. Again, there is no guarantee that only the guilty will be arrested, *Baker*, 443 U.S. at 145, and Plaintiff was given notice and an opportunity to be heard at the revocation hearing. He provides no allegations suggesting the reason why he was held in jail for that period of time; however, on the face of the pleading there is nothing that suggests Plaintiff was subjected to any type of extreme deprivation that would compromise his health or safety. *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). Plaintiff fails to allege sufficient facts to

suggest this last hearing violated his right to due process or subjected him to cruel and unusual punishment.

**IV.     Conclusion**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.


Date: October 17, 2018             /s/ John R. Adams
                                   JOHN R. ADAMS
                                   UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.